# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS G. BEZIO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. 2:12-cv-396-NT ) |
| SCOT E. DRAEGER, et al., | ) ) |
| Defendants. | ) |

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**

The Plaintiff raises various provisions of Rule 60(b) in his effort to seek relief from this Court's July 16, 2013 order dismissing the action and compelling arbitration. As a preliminary matter, none of the provisions of Rule 60(b) offers an opportunity to relitigate the case or introduce new arguments and facts that could have been raised in the prior proceeding. *Bartlett v. Lombardi,* 239 F.3d 23, 28 (1st Cir. 2001) ("A motion for relief from judgment cannot be used merely to reargue a point already decided.") (internal citation omitted). Rather, to be entitled to relief, the Plaintiff must establish that the circumstances of the case fit within the narrow constructs articulated in Rule 60. The Plaintiff cannot meet this burden.

The Plaintiff seeks relief specifically under Rule 60(b)(4), (5), and (6).[1] I will consider each of the other Rule 60(b) grounds separately.

---

[1] The Plaintiff also appears to rely in part on Rules 60(b)(1) – (3). To the extent he attempts to rely on Rules 60(b)(1) – (3), those arguments are time barred because more than a year has passed since the July 16, 2013 judgment. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

## I. Relief from Judgment under 60(b)(4)

Pursuant to Rule 60(b)(4), a Court may relieve a party from a final judgment if "the judgment is void." Fed.R.Civ.P. 60(b)(4). A judgment is void "*only* if the court that rendered judgment lacked jurisdiction *or* in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990). A judgment "is not void simply because it is or may have been erroneous; it is void only if, from its inception, it was a legal nullity." *United States v. One Rural Lot No. 10,356*, 238 F.3d 76, 78 (1st Cir. 2001).

Here, the Plaintiff does not argue that the Court lacked subject matter or personal jurisdiction to decide the case. Nor does he claim that he failed to receive adequate notice or the opportunity to be heard in the proceedings before this Court. Rather, the Plaintiff complains that the underlying Agreement – not the judgment – is void and that the order essentially forces him to arbitrate without the benefit of appointing an arbitrator. Pl.'s Mot. for Relief from Judgment or Order 14 (ECF No. 25). The validity of the Agreement itself is irrelevant to whether a judgment is void for purposes of Rule 60(b)(4). What matters for 60(b)(4) analysis are the actions of this Court. The Plaintiff identifies no action by this Court that establishes a violation of due process, and thus he cannot show that the judgment is void. The Plaintiff is not entitled to relief under Rule 60(b)(4).

## II. Relief from Judgment under 60(b)(5)

The Plaintiff also seeks relief under Rule 60(b)(5), complaining that the judgment is inequitable. The Plaintiff is not eligible for relief merely because he

feels a judgment is unfair. Rule 60(b)(5) describes three sets of circumstances in which relief from a final judgment may be justified: "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). The first category is obviously inapplicable here; the Plaintiff has not argued that the judgment in this case has been satisfied, released, or discharged. Likewise, the Plaintiff does not argue that any prior judgment has been reversed. Insofar as the third set of circumstances is concerned, the movant must prove that the circumstances have changed from those in existence at the time of the judgment such that a judgment with prospective application is no longer equitable. *Harvey v. Johanns*, 494 F.3d 237, 241 (1st Cir. 2007).

For example, "when subsequent legislation effects a change in the applicable law, a judgment, legally correct when entered, may become inequitable." *Id*. A case may also be reopened with newly discovered evidence, but only if that evidence could not have been discovered during the original litigation with the exercise of due diligence, and only then if it would have impacted the outcome of the case. *Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005) (citing *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir. 1986)).

Plaintiff has failed to satisfy his burden of "establishing that a significant change in circumstances warrants revision" of the judgment, having failed to show "a significant change either in factual conditions or in law" from the time of the original judgment. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992). Instead,

the Plaintiff rehashes arguments from the prior proceedings and asserts new arguments that could have been raised in those forums.[2] The Plaintiff asserts, as he did to the First Circuit, that "the Maine Rules of Professional Conduct do not permit arbitration of malpractice disputes unless the attorneys have specifically pointed out and discussed fully the risks and possible consequences of such a clause and the client has given informed consent." *Bezio v. Draeger*, No. 13-1910, slip op. at 5 (1st Cir. Dec. 16, 2013). In response, the First Circuit was clear: "the [Professional Ethics] Commission has expressly rejected Plaintiff's 'informed consent' argument." *Id.* at 12. The Plaintiff is not entitled to relief under Rule 60(b)(5).

### III. Relief from Judgment under 60(b)(6).

The Plaintiff also seeks relief under Rule 60(b)(6), the catch-all ground for relief that is triggered only when subsections (1) through (5) are inapplicable. *Claremont Flock Corp. v. Alm*, 281 F.3d 297, 299 (1st Cir. 2002). For relief under Rule 60(b)(6), the movant must show "exceptional circumstances that justify extraordinary relief." *Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997) (internal quotations and citations omitted). Whether or not such exceptional circumstances exist is within the discretion

---

[2] Plaintiff seems to assert that Maine Professional Ethics Opinion 202 is applicable to this case and that it abrogates Maine Professional Ethics Opinion 170. The Plaintiff misunderstands Opinion 202. The issue presented in Opinion 202 was "whether the phrase 'without a jury' can ethically be added to a sentence in an engagement agreement which otherwise states' 'In the event that a dispute between us ends up in court, both parties agree that it shall be tried exclusively in a court in Maine.'" Maine Professional Ethics Opinion 202 (January 9, 2011). Opinion 202 specifically distinguishes between engagement letters with a jury trial waiver and those with arbitration clauses and notes that, unlike the waiver of jury trial, public policy favors arbitration. *Id.* at 4. Moreover, Opinion 202 is not mandatory precedent relating to the enforceability of an engagement letter, rather it specifically distinguishes between professional ethics and legal enforceability. *Id.* at 1 ("It is not the role of the Professional Ethics Commission to express an opinion regarding the legal enforceability of a waiver of jury trial regarding disputes between an attorney and the client. The Commission's review extends solely to whether or not such additional language comports with the Maine Rules of Professional Conduct."). Opinion 202 is inapplicable to this case.

4

of the court. *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001).

It is not enough to assert, as Plaintiff has done here, that "extraordinary circumstances" exist. Pl.'s Mot. for Relief from J. or Order 1 (ECF No. 25). In short, the Plaintiff argues that (1) the Court erred in finding the arbitration provision enforceable; (2) the Court erred by declining to interpret Ethics Opinion 202 as persuasive authority regarding the enforceability of the arbitration provision; and (3) he was not properly informed of the terms of the arbitration provision. None of these arguments rise to the level of "exceptional circumstances" justifying "extraordinary relief." These were issues for appeal, which were raised or could have been raised, and the Plaintiff is not entitled to relitigate them through Rule 60(b)(6).

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's Motion for Relief from Judgment.

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 18th day of March, 2015.